BARNETT, ESTATE OF, IN RE.

Probate Court, Tuscarawas County.

No. 27864.   Decided April 16, 1962.

*Mr. Vernon Lee.*
*Mr. Robert J. Kosydar*, assistant attorney general.

FINLEY, J.   Etta V. Barnett seeks a redetermination of inheritance tax in the estate of Ledlie H. Barnett, together with a request for a refund of a portion of the tax already paid.

Mr. Barnett, in his Will, left approximately one-half of his estate to his widow and the other one-half was divided among his two children and his grandchildren; the portion to his two children and his grandchildren to be determined according to the number of children which each of his daughters had. This in order to determine their individual shares and to the grandchildren accordingly in the same manner, that is, each of his daughters were to receive their portion in accordance with the number of children in each of their separate families who were living at the time of his death.

At the time of Mr. Barnett's death, his daughter Joan had one child, a grandson, David Little, who was in being, but she was also pregnant with another child who was later born and

christened, Christine Anita Little, which birth occurred approximately five weeks after the death of Mr. Barnett.

Administration was commenced on the estate of Mr. Barnett, and approximately four months or a little better after the death of Mr. Barnett, the petition was filed requesting a determination of the inheritance tax. This, no doubt, in anticipation of having the tax determined and paid in order to avoid any penalty or interest which may accrue by a delay in payment.

In this original determination only the heirs in being were listed, namely, the widow, the daughters and the grandchildren, that is, only those were listed who were living and in actual being at the time of Mr. Barnett's decease. Later, however, a petition was filed in Court for a determination of heirship, setting forth the subsequent birth of Christine Anita Little who was born after Mr. Barnett's death. In this petition it alleged the subsequent birth and asked the Court for a determination as to whether or not this grandchild was to share in the proceeds of an inheritance. The Court so ruled, which then changed the picture so far as the amount of inheritance that would go to the mother of David Little and Christine Anita Little, which would, of course, be a lesser amount than had originally been listed and likewise the matter of exemption would be different, since the whole amount would be cut down proportionately. It is under these circumstances that the petitioner has requested a redetermination and a refund on the taxes which have already been paid.

At the time of filling the original petition, all of the parties were served with notice, including the minor, David Little, whose father and natural guardian signed a waiver for and on his behalf. This waiver included a waiver of the right to file exceptions to the appraisement, requested a determination of tax and a request that the order of determination be certified at once to the County Auditor.

In accordance with this application and waiver, the determination of the tax was made and a certification thereof was sent to the County Auditor. The tax was paid, and later it dawned upon the Executrix that the grandchild born after Mr. Barnett's death might be entitled to some interest of inheritance in the estate, and in pursuance of this thought, the petition for determination of heirship was filed.

The law of Ohio is well settled that Courts do have the power to order a refund when the proper situation exists, that is, where the original payment was made under a mistake of fact. However, where a payment is made under a mistake of law, a different situation exists. Here, however, we seem to have another element, namely, a waiver by all parties concerned, which would deny a right of recovery, as we see it, under the present decisions, in view of the fact that the waiver was made and the payment was made with full knowledge that another child had been born, and with the full knowledge also that this child may be entitled to share.

In other words, the legal right existed at the time the petition was filed, but no steps were taken to have that legal right pronounced so far as the law was concerned. It was an existent fact at the time the original petition was filed; no new set of facts have intervened. The father, who was the natural guardian of the daughter, may have been mistaken in his belief as to what the law was or who should have inherited, and the mother, no doubt, found herself in this category as well. Yet there was nothing to prevent them from making an investigation, obtaining counsel and having a legal pronouncement made upon this situation. When they failed to do so, signed waivers and paid the amount of tax, it was a voluntary payment. It was not a mistake of fact, but a mistake of law. And in addition thereto, constituted a waiver of any right to recovery.

It is the opinion of this Court that the decision contained in 86 Ohio Law Abs., 409 (*Linton, Estate of, In re*), handed down by the Appellate Court of this Fifth Judicial District, would apply and that the payments herein voluntarily made are not recoverable.

As to the afterborn child, whom the Court heretofore held should be entitled to share in the estate as an heir, the Court will redetermine the tax and such afterborn child will be given the benefit of the proper legal exemption to which it may be rightfully entitled under the law. This for the reason that this is the first occasion for consideration of the matter of tax to such afterborn child and it is entitled to the proper exemption accordingly.

As to the mother and the other child, regarding the matter of refund, as we have already spoken, applying the rules of

law as this Court interprets them to be, we must, of necessity, deny any refund for the reasons which the Court has already stated.

An entry may be drawn accordingly.